**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**


RICHARD F. BACHER, et al.,

                    Plaintiffs,

v.                                              CIVIL ACTION NO. 2:09-cv-00665

ACTAVIS TOTOWA, LLC. et al.

                    Defendants;

---------------------------------------------------------

JOHN GUTOWSKI,

                    Plaintiff,

v.                                              CIVIL ACTION NO.  2:09-cv-00644

ACTAVIS TOTOWA, LLC,

                    Defendants;

---------------------------------------------------------

WILLIAM MASSIE, et al.,

                    Plaintiffs,

v.                                              CIVIL ACTION NO.  2:09-cv-00624

ACTAVIS TOTOWA, LLC,

                    Defendants;

---------------------------------------------------------

 ROBERT MEROLA,

                    Plaintiff,

v.                                              CIVIL ACTION NO.  2:09-cv-00626

ACTAVIS TOTOWA, LLC,

                                      Defendants;

----------------------------------------------------------

FRANCIS GOBLE, et al.,

                                      Plaintiffs,

v.                                              CIVIL ACTION NO.  2:09-cv-00621

ACTAVIS TOTOWA, LLC,

                                      Defendants;

----------------------------------------------------------

JUDITH A. BOVENZI, et al.,

                                      Plaintiffs,

v.                                              CIVIL ACTION NO. 2:09-cv-00664

ACTAVIS TOTOWA, LLC. et al.,

                                      Defendants;

----------------------------------------------------------

DANIEL F. MILLER, et al.,

                                      Plaintiffs,

v.                                              CIVIL ACTION NO. 2:09-cv-00662

ACTAVIS TOTOWA, LLC. et al.,

                                      Defendants;

----------------------------------------------------------

BETTY M. CINANNI, et al.,

Plaintiffs,

v.                                                        CIVIL ACTION NO.  2:09-cv-00628

ACTAVIS TOTOWA, LLC,

Defendants;

----------------------------------------------------------

CHARLOTTE DAVIS, et al.,

Plaintiffs,

v.                                                        CIVIL ACTION NO.  2:09-cv-00627

ACTAVIS TOTOWA, LLC,

Defendants;

----------------------------------------------------------

ROSEMARIE BIALYNSKI, et al.,

Plaintiffs,

v.                                                        CIVIL ACTION NO.  2:09-cv-00629

ACTAVIS TOTOWA, LLC,

Defendants;

----------------------------------------------------------

SHARRON YARBROUGH,

Plaintiff,

v.                                                        CIVIL ACTION NO.  2:09-cv-00635

ACTAVIS TOTOWA, LLC,

Defendants;

DENNIS L. COLT, et al.,

                                    Plaintiffs,

v.                                                   CIVIL ACTION NO. 2:09-cv-00663

ACTAVIS TOTOWA, LLC. et al.,

                                    Defendants;

----------------------------------------------------------

ANTONIA TUCKER, et al.,

                                    Plaintiffs,

v.                                                   CIVIL ACTION NO. 2:09-cv-00667

ACTAVIS TOTOWA, LLC. et al.,

                                    Defendants;

----------------------------------------------------------

BONNIE DREXLER-KING, et al.,

                                    Plaintiffs,

v.                                                   CIVIL ACTION NO.  2:09-cv-00641

ACTAVIS TOTOWA, LLC,

                                    Defendants;

----------------------------------------------------------

RONALD FISHER, et al.,

                                    Plaintiffs,

v.                                                   CIVIL ACTION NO.  2:09-cv-00637

ACTAVIS TOTOWA, LLC,

                                    Defendants;

PATRICIA A. JOHNSON,

                         Plaintiff,

v.                                                  CIVIL ACTION NO.  2:09-cv-00636

ACTAVIS TOTOWA, LLC,

                         Defendants;

----------------------------------------------------------

LORRAINE KIRWAN,

                         Plaintiff,

v.                                                  CIVIL ACTION NO. 2:09-cv-00666

ACTAVIS TOTOWA, LLC. et al.,

                         Defendants;

----------------------------------------------------------

CASIMERA T. SATERNUS,

                         Plaintiff,

v.                                                  CIVIL ACTION NO.  2:09-cv-00645

ACTAVIS TOTOWA, LLC,

                         Defendants;

----------------------------------------------------------

TAMMY TABER, et al.,

                         Plaintiffs,

v.                                                  CIVIL ACTION NO.  2:09-cv-00633

ACTAVIS TOTOWA, LLC,

                         Defendants;

JOAN B. TUDINI, et al.,

Plaintiffs,

v.                                                    CIVIL ACTION NO.  2:09-cv-00622

ACTAVIS TOTOWA, LLC,

Defendants;

-----------------------------------------------------------

PAULINE PROUTY,

Plaintiff,

v.                                                    CIVIL ACTION NO.  2:09-cv-00638

ACTAVIS TOTOWA, LLC,

Defendants;

-----------------------------------------------------------

RITA BRANNUM,

Plaintiff,

v.                                                    CIVIL ACTION NO.  2:09-cv-00632

ACTAVIS TOTOWA, LLC,

Defendants.


### MEMORANDUM OPINION AND ORDER

On March 5, 2009, pursuant to Federal Rule of Civil Procedure 16(d), I entered Pretrial

Order #16 ("PTO 16").  One important part of the discovery process set out under Section IV.A of

PTO 16 deals with plaintiffs' fact sheets ("PFS").  In addition to the detailed directions for

completing and submitting the PFS and associated authorizations and records, subdivisions (4) and

(5) of Section IV.A provide as follows:

Any Plaintiff who fails to comply with the PFS obligations under this Order may be subject to having his or her claims, as well as any derivative claim(s), dismissed for good cause. Good cause shall exist where (1) the Plaintiff has failed to submit a PFS, or (2) the Plaintiff has failed to substantially complete the PFS in all respects, and the PFS thus contains a material deficiency (i.e., a deficiency that prejudices Defendants through a failure to provide necessary information, thereby impeding Defendants' access to material and relevant evidence), and (3) Defendants establish to the Court that they have exhausted all efforts described in paragraph (5) below. Any dismissal may be with or without prejudice as the Court may determine in any individual case.

If a Plaintiff fails to timely submit a PFS, or if Defendants receive a PFS in the allotted time but the PFS is not "substantially complete" in all respects, Defendants' Lead Counsel shall send a deficiency letter by facsimile and U.S. mail to Plaintiffs' Liaison Counsel and Plaintiffs' individual representative counsel, which will allow that Plaintiff an additional thirty (30) days to serve a PFS that is "substantially complete" in all respects. The deficiency letter shall include a warning that the case is subject to dismissal under this Order if a PFS substantially complete in all respects is not received within thirty (30) days of service of the deficiency letter. This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Should a Plaintiff fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects (including the requested documents and signatures on all applicable authorizations) within thirty (30) days of service of the deficiency letter, Defendant may seek an Order to Show Cause why the case should not be dismissed. Any such filing shall be served on Plaintiffs' Liaison Counsel and the Plaintiffs' individual representative counsel, with any response to such filing to be submitted within ten (10) days following the date of service. Any such filing should include the efforts the Defendants made to meet and confer regarding the alleged deficiencies in the PFS and failure to cure.

(PTO 16 §§ IV.A(4)-(5)).

In March 2009, attorney Brian Goldstein, of the law firm of Cellino & Barnes, instituted each of the above-styled actions in New York state court. In April 2009, each action was removed, and ultimately transferred here in June 2009. Under the terms of PTO 16, a PFS and related documents were to be submitted to defendants by each of the above-named plaintiffs in early August 2009. After failing to receive any of the documents, and in accordance with the delinquency procedures outlined above, defendants informed Mr. Goldstein in each case via written

2

letter that the PFS had not been received and that the cases were subject to dismissal if a substantially complete PFS was not received within 30 days.  Mr. Goldstein failed to respond to any of the delinquency letters.  Accordingly, defendants moved for an order to show cause in each case.  Mr. Goldstein again failed to respond and the orders to show cause were entered on November 2, 2009.  Mr. Goldstein was directed to show cause in writing no later than November 12, 2009, why the actions should not be dismissed.  Again, no response was received by the deadline, and the defendants presented the court with proposed orders of dismissal for each action on November 17, 2009.

On November 18, 2009, Mr. Goldstein apparently directed attorney Michael Williams in his office, who is not listed on the docket sheet, to contact the court and seek a corrective process to avoid the dismissals.  Despite the inordinate delay and dereliction exhibited to date, Mr. Williams was permitted to submit a belated opposition for the court's consideration.  On November 19, 2009, Mr. Goldstein filed a request to act after the expiration of time and Mr. Williams began tendering PFS and available supporting documents to defendants by overnight mail.  Mr. Williams was informed by the court that the matter would be addressed during the most recent *Digitek* status conference scheduled for the following day.

On November 20, 2009, I noted receipt of the 22 proposed dismissal orders, the lengthy delay involved, and the late response by plaintiffs in each case.  Nevertheless, Mr. Williams was granted five additional days to cure any deficiencies.  Allowing for weekends and holidays, the due date for curing deficiencies was November 30, 2009.  On December 4, 2009, defendants submitted a thorough recitation of both major and minor deficiencies remaining in all 22 actions.  On December 10, 2009, Mr. Goldstein submitted his own summary of the cases, noting efforts he had

3

undertaken to that point to cure the deficiencies.  Although the court recognizes the efforts made, many basic documents, such as medical authorizations and necessary probate materials, remain outstanding and will remain to be tendered to defendants upon receipt, months and months after they should have been submitted.  Defendants acknowledge receipt of two more waves of curative information on December 11 and 15, 2009.

Rule 16 conferences lead to pretrial orders of the type ignored here by plaintiffs' counsel. Those conferences, and the orders resulting from them, are designed to "[1] establish[] early and continuing control so that the case will not be protracted because of lack of management . . . [and] [2] discourag[e] wasteful pretrial activities . . . ." Fed. R. Civ. P. 16(a)(2), (3).  Rule 16(f), added in 1983,  governs the imposition of sanctions for violation of the important case management principles found within Rule 16:

> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> . . . .
>
> (C) fails to obey a scheduling or other pretrial order.
>
> **(2) Imposing Fees and Costs.** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f); *Simpson v. Welch*, 900 F.2d 33, 36 (4th Cir. 1990) ("Rule 16(f) specifically provides for sanctions '[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference.'").  In determining the appropriate sanction to be imposed, the principal commentators have observed as follows: "The references to specific sanctions in Rule 16(f) is not exhaustive. *The court is to design*

4

*the sanction to fit the violation.*"  6A Charles A. Wright *et al.*, *Federal Practice & Procedure*, §

1531 (2d ed. 1990) (emphasis added).  As noted in the text of the Rule, the court is authorized to

impose sanctions on a *sua sponte* basis.  *See id.* ("Indeed, the court may seek sanctions on its own

motion, although if it does so, the court should be sure to provide notice and an opportunity to be

heard to the party to be sanctioned.").

    It has been my expectation, and directive, from the outset of MDL 1968 that each of the

cases filed in or transferred to the MDL be closely monitored and litigated by representative

counsel in a personal way, and on an ongoing basis.  It is clear from the events outlined above that

Mr. Goldstein entirely defaulted on the important obligations imposed upon him by PTO 16.  His

belated responses to the orders to show cause are devoid of any explanation concerning his non-

compliance.  Even his recent activity to forestall the imminent dismissal of these actions was

seriously derelict.  The violation of PTO 16 thus warrants the imposition of sanctions, unless, as

provided in Rule 16(f), Mr. Goldstein demonstrates "the noncompliance was substantially justified

or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f).

    Based upon the foregoing, I **ORDER** the defendants to file no later than January 4, 2010,

an affidavit concerning their costs and fees expended as a result of the violation of PTO 16, taking

into account the time from the preparation of the deficiency letters through the creation of their

affidavit and any other supporting materials they wish to submit.  I further **ORDER** Mr. Goldstein

to respond no later than January 11, 2010, if he so desires, stating (1) any putative substantial

justification or other reason militating against the imposition of sanctions, and his views, if any,

concerning the contents of the affidavit.[1]  Absent a showing justifying why sanctions should not

---

    [1]The court presumes the failure to comply with PTO 16 was the fault of counsel and not
his clients.  If the case is otherwise, counsel may respond accordingly.

be imposed, it is my intention to impose upon Mr. Goldstein the sanction of $200.00 per case, along with expenses and attorney fees incurred due to his failures to comply with PTO 16.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: December 18, 2009

Joseph R. Goodwin, Chief Judge

6